FILED

NOT FOR PUBLICATION

JUN 28 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30005 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00027-TMB-2 |
| v. | |
| ISAIAS MARTINEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted June 25, 2012[**]

Anchorage, Alaska

Before: GOODWIN, W. FLETCHER, and M. SMITH, Circuit Judges.

Defendant-Appellant Isaias Martinez appeals from his conviction and

sentence for one count of drug conspiracy and one count of attempted possession

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

of a controlled substance with intent to distribute. We affirm in part and reverse in part.

The district court did not err in denying Martinez's motion to suppress evidence obtained during a warrantless black-light "search" of his hands. Assuming without deciding that the black-light test of Martinez's hands was a search within the meaning of the Fourth Amendment, *see United States v. Baron*, 860 F.2d 911, 918 (9th Cir. 1988), the search was justified as incident to a lawful arrest. Law enforcement officers had probable cause to arrest Martinez prior to conducting the search because the totality of the circumstances known to them at that time would have led a prudent person to conclude that Martinez was probably involved in a conspiracy to possess and distribute illegal drugs. *See id.* at 917. Various facts indicated a high likelihood of drug dealing, and Martinez was found in a small apartment with two other men at a time when "a dealer would be unlikely to admit an innocent person with the potential to furnish evidence against him." *Maryland v. Pringle*, 540 U.S. 366, 373 (2003).

The district court erred in refusing to sentence Martinez in accordance with the ameliorative mandatory minimum sentences contained in the Fair Sentencing Act ("FSA"). *See Dorsey v. United States*, 567 U.S. __, 2012 WL 2344463, at *14 (2012). The Supreme Court recently held that the lower mandatory minimums of

the FSA apply to defendants like Martinez who committed crack cocaine offenses prior to the effective date of the FSA but were not sentenced until after that date. *Id.* On remand, the district court should resentence Martinez in accordance with the FSA.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.